UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PATSY BRENDA TAYLOR            )
                               )
v.                             )    NO. 2:06-CV-65
                               )
JO ANNE B. BARNHARDT,           )
Commissioner of Social Security )

MEMORANDUM OPINION

This matter is before the Court on Plaintiff, Patsy Brenda Taylor's, motion for a judgment on the pleadings on her complaint to obtain judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the defendant Commissioner of Social Security, Jo Anne B. Barnhardt, to deny her application for supplemental security income and disability insurance benefits under the Social Security Act [Doc. 12] and the defendant's motion for summary judgment. [Doc. 13].

Ms. Taylor was born in 1948 and was 56 years old at the time of her administrative hearing. [Tr. 17, 45]. She completed tenth grade and has relevant past work experience as a fast food restaurant cook and sewing machine operator. [Tr. 17]. Ms. Taylor alleges disability as of October 6, 2003, from problems associated with arthritis and her blood pressure. [*Id*.]. A hearing was held before

an Administrative Law Judge [ACJ] on Ms. Taylor's application for Disability Insurance Benefits [DIB] and Supplemental Security Income [SSI] on April 12, 2005. The ALJ found that Ms. Taylor was not under a disability and was not entitled to DIB or SSI benefits. [TR 13-21]. This became the final decision of the defendant on March 17, 2006 [TR 8-10].

At Ms. Taylor's administrative hearing held on April 12, 2005, the testimony of Ms. Taylor and vocational expert Donna Bardsley was received into evidence. [Tr. 30-41]. Ms. Taylor testified that she worked up until October 2003 as a line cook at a fast food restaurant. [Tr. 30-31]. She cooked on the grill and made biscuits. [*Id.*]. She had to lift ingredients from the cooler as well as twist to make the biscuits. [*Id.*]. Prior to that job, Ms. Taylor was a sewing machine operator. [*Id.*]. At that position, she used her arms to hold the garments and her feet to operate the foot controls. [Tr. 31-32]. Ms. Taylor testified it became difficult to work making biscuits because her hands and wrists would swell. [Tr. 33]. She also experiences asthma attacks, acid reflux, urinary tract infections, and depression. [Tr. 34-36]. Ms. Taylor can fix meals if they are "easy to fix" and drive, but not like she used to. [Tr. 38-39].

Vocational expert Donna Bardsley testified that Ms. Taylor's past relevant work as a cook was medium and semi-skilled. [Tr. 41]. Her work as a sewing

machine operator would normally have been classified as light and semi-skilled. [*Id*.]. However, because Ms. Taylor lifted more than 20 pounds during the course of her work, it was instead classified as medium and semi-skilled. [*Id*.]

The ALJ ruled that Ms. Taylor was not disabled because her impairments of hypertension, asthma/chronic obstructive pulmonary disease [COPD], and dysthymic disorder, although severe, did not warrant a finding of disability. [Tr. 20-21]. The ALJ found that Ms. Taylor retained the residual functional capacity [RFC] to perform light physical exertion, [Tr. 21] and could return to her past relevant work as a sewing machine operator despite her impairments. [TR. 21]

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Taylor requests a judgment on the pleadings and challenges the ALJ's finding that she could return to her past relevant work as a sewing machine operator. The ALJ ruled that she could return to her past relevant work as a sewing machine operator because a sewing machine operator generally performed light work and Ms. Taylor was found to be able to perform light work. [Tr. 20]. Ms. Taylor claims this finding was not supported by substantial evidence, especially because of her lung disease. She cites for support evidence from her July 30, 2004, Physical Residual Functional Capacity Assessment performed by State agency physician Dr. Andrew H. Miller. [Tr. 445-50]. In that assessment, Dr. Miller indicated that Ms. Taylor should "avoid even moderate exposure" to "[f]umes, odors, dusts, gases, poor ventilation, etc." [Tr. 448]. Ms. Taylor then claims that "common sense would show that a sewing factory would expose an individual to at least moderate amounts of atmospheric pollutants."

Curiously, although the ALJ specifically noted Dr. Miller's lift/carry and stand/sit/walk opinions as to Ms. Taylor and his opinions as to environmental restrictions for Ms. Taylor, he failed to adopt Dr. Miller's environmental restrictions. [Tr. 18-19]. The ALJ not only failed to adopt the environmental restrictions, he also failed to indicate why he was not adopting them. Pursuant to *Social Security Ruling* 96-6p [*SSR* 96-6p]:

> [a]t the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s).

In addition, although the ALJ is not bound by the opinions of a nonexamining source, the ALJ "may not ignore these opinions and must explain the weight given to the opinions" in decisions. *SSR* 96-6p. Pursuant to 42 U.S.C. § 405(g), this action will be remanded to the Commissioner for further development of the evidence regarding the ALJ's analysis of the environmental opinions of Dr. Miller.

Ms. Taylor also contends the ALJ erred concerning his evaluation of her mental limitations. She argues it was error for the ALJ to find in one part of his decision that she had "moderate difficulties in maintaining concentration/ persistence/pace" and then conclude that she had "no significant mental-related impairments" as described in Dr. Steven Lawhon's January 2004 evaluation. [Tr. 19, 20, 422-25]. Actually, there appears to be a typographical error in the ALJ's decision, leading to the appearance that the ALJ's opinion is internally inconsistent. At page 3 of the ALJ's decision, [Tr. 18], the ALJ was detailing the results obtained by Dr. William Regan in a psychiatric review in February 2004. [Tr. 426-39]. In that evaluation, Dr. Regan found Ms. Taylor had <u>mild</u> restrictions of activities of daily living, difficulties in maintaining social functioning, and

difficulties in maintaining concentration, persistence, or pace. [Tr. 436]. The ALJ mistakenly wrote that Ms. Taylor's restrictions for concentration/persistence/pace were moderate instead of mild. Because every mental evaluation of Ms. Taylor indicated she had either no mental limitations or mild limitations, the ALJ had substantial evidence to support his decision that she had no significant mental-related impairments. [Tr. 425, 436].

Finally, Ms. Taylor asserts the ALJ erred in his credibility determination. The ALJ found that Ms. Taylor's allegations of disabling pain and other symptoms were "not credible or supported by the documentary evidence." [Tr. 20]. The ALJ based his opinion on Ms. Taylor's indications that she cooked, washed dishes, swept, vacuumed, did the laundry, grocery shopped, attended church, watched television, visited with friends, and crocheted. [*Id*.]. In addition, the ALJ also noted that Ms. Taylor continued to smoke, despite her claims of asthma and COPD and despite being advised by her treating physician to quit. [*Id*.]. Based on the above, the ALJ's decision regarding Ms. Taylor's credibility was based on substantial evidence. However, this court also notes that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, the defendant's motion for summary judgment [Doc. 13] is denied, Ms.

Taylor's motion for a judgment on the pleadings [Doc. 12] is granted in part, and this action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further development of the evidence regarding the ALJ's analysis of the environmental opinions of Dr. Miller.

An appropriate order will follow.


ENTER:

                                                s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE